IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Tiffany L. Snyder, <br> 533 Wilson Avenue, <br> Barberton, Ohio 44203, <br><br> Plaintiff <br><br> -vs- <br><br> Valentine and Kebartas, Inc., <br> 156 Union Street <br> Lawrence, Mass 01840 <br><br> Defendant. | Case No.: 5:09 CV 1241 <br> Judge: JUDGE LIOI <br> MAG. JUDGE PEARSON <br><br> COMPLAINT <br><br> (Trial by Jury Demand) |

## I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Ohio Consumer Sales Practices Act as set forth in Ohio Revised Code, Sections 1345.01 et seq. ("CSPA") which prohibits all deceptive, unfair, or unconscionable acts or practices in consumer transactions, and the Ohio Telephone Harassment Act, RC 2917.21

## II. Jurisdiction

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Sec. 1367.

## III. Parties

3. Plaintiff, Tiffany Snyder is a consumer, as that term is defined in the applicable statures, who resides in Barberton, Ohio.

4. Defendant, Valentine and Kebartas, Inc., (Valentine), is an agency engaged in the business of collecting debts with its principal place of business located in Lawrence, Massachusetts. The principal purpose of Defendant is the collection of debts using the mails, telephone, and legal proceedings.

5. At all times relevant hereto Valentine was a "debt collector" as that term is defined in the FDCPA and a "supplier" as that term is defined in CSPA.

## IV. Factual Allegations

6. In February of 2009 Defendant contacted Plaintiff and informed her that it was authorized to collect a delinquent credit card account she owed to Chase Bank, USA, N.A.

7. On information and belief, Plaintiff's defaulted account was assigned to Valentine for collection.

8. Shortly after Plaintiff received written notice that Defendant was authorized to collect Plaintiff's Chase account, Defendant's aghents began to contact Plaintiff by telephone in an attempts to collect this debt.

9. During the course of these telephone contacts Valentine's agents were aggressive, rude and talked to Plaintiff in a demeaning and abusive manner.

10. Among the agents that spoke to Plaintiff were agents who identified themselves as Mr. Jerez, and Christopher Dion

11. When Plaintiff informed Defendant's agents that she could only afford to make small payments on this account they became extremely rude and abusive.

12. Among other things, after Plaintiff stated she could only make minimum payments, Defendant's agents stated they would foreclosure against Plaintiff's home, they began to call her

frequently to both her home and place of employment, and they became increasingly caustic, rude and abusive during their phone calls.

13. At no time during the course of these telephone calls did Valentine's agents advise Plaintiff of her right to have the validity of the account verified.

14. During these telephone contacts by Valentine, when Plaintiff attempted to challenge the validity of the account Valentine's agents became caustic, rude, and abusive.

15. During these phone contacts with Plaintiff, Valentine's agents failed to advise Plaintiff that Valentine was attempting to collect a debt and that the information she gave them would be used for that purpose.

16. In addition, Valentine operatives, contacted Plaintiff's neighbor in an attempt to collect this debt, spoke with and left messages for Plaintiff with Plaintiff's co-workers. When leaving these messages with Plaintiff's co-workers Valentine employees made it clear to Plaintiff's coworkers that they were calling to collect a debt owed by Plaintiff.

17. In the course of their collection efforts, Defendant utilized a number of unfair, deceptive and unconscionable practices.

18. As a direct and proximate result of Defendant's acts and the acts of its agents and employees, Plaintiff has suffered anxiety, indignation, irritability, nervousness, worry, severe headaches requiring medication, loss of sleep and nausea.

### V. First Claim for Relief

19. Plaintiff repeats and realleges and incorporates by reference each of the foregoing paragraphs.

20. Valentine violated FDCPA. Defendant's violations include, but are not limited to, the following:

   a) Violation of 15 U.S.C. Sec. 1692c (a) (1) by calling Plaintiff at a time that Defendants should have known was inconvenient to Plaintiff;
   b) Violation of 15 U.S.C. Sec.1692 (d) by engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff;
   c) Violation of 15 U.S. C. 1692e (5) by giving Plaintiff the impression that they would take action they could not legally take;
   d) Violation of 15 U.S.C. Sec. 1692e (7) by engaging in conduct which had the purpose and effect of disgracing Plaintiff;
   e) Violation of 15 U.S.C. Sec. 1692e (11) by failing to include appropriate consumer warnings in communications with Plaintiff;
   f) Violation of 15 U.S.C. Sec. 1692q by failing to send to Plaintiff a validation notice;
   g) Violation of 15 U.S.C. Sec. 1692q by failing to give a validation notice that contains all the required information; and
   h) Violation of 15 U.S.C. Sec. 1692q by providing a validation notice that was overshadowed by the demand for payment.

21. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorney's fees in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) as shall be proved at trial.

### VI. Second Claim for Relief

22. Plaintiff repeats and re-alleges and incorporates by reference each of the foregoing paragraphs.

23. This count arises under the Ohio Consumer Sales Practices Act as set forth in Ohio Revised Code, Sections 1345.01 et seq. ("CSPA") which prohibits all deceptive, unfair, or unconscionable acts or practices in consumer transactions.

24. Defendants violated the Ohio CSPA by:

   a) by calling Plaintiff at a time that Defendants should have known was inconvenient to Plaintiff;

      b) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;
      c) by giving Plaintiff the impression that nonpayment of the debt would result in imprisonment and/or criminal charges against Plaintiff;
      d) by giving Plaintiff the impression that they would take action they could not legally take;
      e) by engaging in conduct which had the purpose and effect of disgracing Plaintiff; and
      f) by contacting third parties without the Plaintiff's prior consent.

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the above violations of CSPA, the Defendants are liable to the Plaintiff in the sum of Plaintiff's actual damages, treble damages, statutory damages, and attorney's fees and costs in an amount in excess of Fifty Thousand Dollars ($ 50,000.00) as shall be proved at trial.

## VII. Third Claim for Relief

27. Plaintiff repeats, realleges and incorporates by reference each of the foregoing paragraphs.

28. This count arisesw under Ohio Revised Code Section 2917.21 and Ohio Revised Code Section 2307.60 which provides civil jurisdiction for claims arising under RC 2917.21.

29. Defendants knowingly made the telephone calls to Plaintiff despite having been previously told not to call the premises with intent to harass and annoy Plaintiff.

30. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer extreme emotion distress, sleeplessness, anxiety, hopelessness, depression, headaches, and nausea.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows for the damage alleged in the First Claim for Relief:

a) actual damages in the amount of Fifty Thousand Dollars ($ 50,000)or such othe amount proved at trial;
b) statutory damages pursuant to of 15 U.S.C. § 1692k;
c) reasonable attorneys fees pursuant to of 15 U.S.C. § 1692k; and
d) such other relief to which Plaintiff may be entitled under the applicable statutes.

Plaintiff prays for the following relief against Defendant for the damage alleged in the Second Claim for Relief:

a) actual damages in the amount of Fifty Thousand Dollars ($ 50,000) or such othe amount proved at trial;
b) three times actual damage, One Hundred Fifty Thousand Dollars ($ of 150,000) or Two Hundred Dollars ($200) for each unlawful act proved at trial, which every is greater pursuant to RC 1345.09(B);
c) a declaratory judgment that Defendants' practices complained of are unfair, deceptive and unconscionable sales practices, and an injunction against continuation of these practices by Defendant pursuant to RC Sec. 1345.09(D);
d) costs and reasonable attorney's fees pursuant to RC 1345.09(F)(2);
e) punitive damages in the amount of Five Hundred Thousand Dollars ($ 500,000); and
f) such other relief as may be just and proper under the applicable statures.

Plaintiff prays for the following relief against Defendants jointly and severally for the damage alleged in the Third Claim for Relief:

a) Actual damages in the amount of Fifty Thousand Dollars ($ 50,000) or such other amount proved at trial;
b) Punitive damages in the amount of Five Hundred Thousand Dollars ($ 500,000); and
c) Such other relief as may be just and proper under the applicable statures.

Respectfully submitted,

Darryl E. Pittman, 0034194
2490 Lee Blvd., Suite 115
Cleveland, Ohio 44118
Attorney for Plaintiff
(216) 291-1005